AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information in the Possession or Control of AT&T Associated with the Cellular Telephone currently assigned the call number 479-228-3190

Case No. 5:24cm25-MEF

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 USC § 2703(c)(1)(A), 18 USC § 2711(3)(A) and Federal Rule of Criminal Procedure 41

located in the ___Western___ District of ___Arkansas___, there is now concealed *(identify the person or describe the property to be seized)*:

Described in Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and 21 USC 846, 21 USC 843(b) | Unlawful possession and distribution of Controlled Substances, Conspiracy to Commit such offenses, and use of communication facilities in furtherance of such offenses |

The application is based on these facts:

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI SA Zachary Roberts
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/19/24

_____
*Judge's signature*

City and state: Fort Smith, AR

Hon. Mark E. Ford, US Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **479-228-3190** (hereinafter **"TARGET TELEPHONE"**) whose wireless service provider is AT&T.

2. Information about the location of the **TARGET TELEPHONE** that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the **TARGET TELEPHONE**, as described in Attachment A, **for a period of thirty days, during all times of day and night**. "Information about the location of the **TARGET TELEPHONE** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from **TARGET TELEPHONE** described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property or content of communications. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION IN THE POSSESSION OR CONTROL OF AT&T ASSOCIATED WITH THE CELLULAR TELEPHONE CURRENTLY ASSIGNED THE CALL NUMBER **(479) 228-3190** | Case No. _____<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF APPLICATION

I, Zachary Joel Roberts, Special Agent of the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Special Agent with the FBI since September 2017. I am currently assigned to the FBI Little Rock Division, Fayetteville Resident Agency where I am tasked with conducting criminal enterprise investigations. During my career as a Special Agent, I have been involved in a wide variety of investigative matters, including investigations targeting criminal enterprises involved in the unlawful distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), the use of communication facilities in furtherance of such offenses, in violation of Title 21, United States Code, Section 843(b), and conspiracy to commit such offenses, in violation of Title 21, United States Code, Section 846.

2. I make this Affidavit in support of the attached application for a search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), for information about the location of the cellular telephone assigned call number **479-228-3190** (hereinafter

"**TARGET TELEPHONE**"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408. As a provider of wireless communications services, AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). The **TARGET TELEPHONE** is further described herein, and in Attachment A hereto, and the location information to be seized is also further described herein, and in Attachment B hereto.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, which may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this application and the requested warrant are designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1). As a federal law enforcement officer, and as your affiant, I hereby certify that the information likely to be obtained as a result of the requested warrant is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation.

4. The information in this affidavit is based on my own personal involvement in the investigation of this case; reports, records, and interviews generated or conducted by myself and other law enforcement officers; information received from other officers and investigators; my own experience and training; and the experience of other law enforcement officers and agents. Because of this affidavit's limited purpose, it does not contain all the facts known to me, or to other law enforcement officers, about the investigation. I have set forth only those facts that I believe are necessary and relevant to probable case for a search warrant authorizing the disclosure of location-based electronic communications data.

5. The facts contained herein are based upon information that the **TARGET TELEPHONE** is being used to coordinate and direct criminal conduct taking place within the Western District of Arkansas and is believed to be in the possession of **TORA FULFER (FULFER)**. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and/or conspiracy and attempt to commit these offenses in violation of Title 21, United States Code, Section 846; ), and the use of communication facilities in furtherance of such offenses, in violation of Title 21, United States Code, Section 843(b), have been committed, are being committed, and will be committed by FULFER. There is also probable cause to believe that the location information described in attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## JURISDICTION

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated (*see* 18 U.S.C. § 2711(3)(A)(i)) and/or is in a district in which the above-described wireless provider is located, or in which the items described in attachment A are stored (*see* 18 U.S.C. § 2711(3)(A)(ii)).

## PROBABLE CAUSE

7. Based on the information contained below, I submit that probable cause exists to believe FULFER and other individuals, known and unknown, have committed, and continue to commit, violations of possession of a controlled substance with intent to distribute and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); the use

of communication facilities in furtherance of such offenses, in violation of Title 21, United States Code, Section 843(b); and/or conspiracy and attempt to commit these offenses in violation of Title 21, United States Code, Section 846. Further, probable cause exists to believe the **TARGET TELEPHONE** is being used by FULFER to commit these violations and that the requested information will contain evidence and information showing such and lead to the location of FULFER, as well as other relevant evidence.

8. Special Agents (SA) and Task Force Officers of the FBI Fayetteville Resident Agency and other law enforcement officers are investigating a Drug Trafficking Organization (DTO) in which FULFER and others both known and yet unknown conspire to distribute large quantities of methamphetamine throughout the Western District of Arkansas. It is known through this investigation that FULFER and other individuals involved in the DTO utilize cellular telephones to communicate and coordinate their drug trafficking activities.

9. Pursuant to an administrative subpoena issued by the FBI, AT&T Wireless (hereinafter AT&T) has since provided subscriber and tolls records for the **Target Telephone**. Those records indicate that the **Target Telephone** was activated on August 27, 2022, with the subscriber information identifying FULFER as the user.

10. Agents know FULFER uses "479-228-3190" (the "Target Telephone") due to FULFER being in possession of the phone during a January 30, 2024, arrest for drug possession and fleeing law enforcement. While being interviewed, under *Miranda*, FULFER admitted to transporting and selling methamphetamine from early November 2023 to late December 2023. During the arrest, FULFER's phones were seized and FULFER consented to a search of the phones. Upon reviewing the phones, Agents found consistent and regular drug trafficking conduct

and communications attributed to FULFER in her phone. After that arrest, subsequent to a search warrant, three ounces of methamphetamine were located in FULFER's residence.

11. In late February 27, 2024, a confidential source ("CS1") reported FULFER and Dustin Harris (Harris) travelled to Tulsa, Oklahoma on February 24, 2024, to pick up a pound of methamphetamine and brought it back to sell to individuals in Oklahoma and Arkansas.

12. On February 29, 2024, a separate confidential source (CS2) reported FULFER and Harris travelled to Tulsa, Oklahoma on February 24, 2024, to pick up a pound of methamphetamine to bring back to sell to individuals in Oklahoma and Arkansas. FULFER and Harris confirmed they travelled to Tulsa to pick up a pound of methamphetamine to CS2 on February 24, 2024.

13. On February 29, 2024, CS2 also reported that Harris and Michelle Stine (Stine) drove FULFER to a previously arranged meeting between FULFER, her counsel, and law enforcement officers. The purpose of the meeting was for FULFER to provide information to law enforcement about an on-going investigation. While FULFER was with the FBI in the meeting, Harris and Stine were outside the building with a pound of methamphetamine in the vehicle.

## CELLULAR DEVICE LOCATION DATA GENERALLY

14. Through training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I have also learned that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers

covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. From my training and experience, I also know that AT&T can collect E-911 Phase II data about the location of the **Target Telephone**, including by initiating a signal to determine the physical location of the **Target Telephone** on AT&T's network, or with such other reference points as may be reasonably available.

16. Finally, based on my training and experience, I know that AT&T has the capability to collect cell-site data about the **Target Telephone**. Specifically, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## SUMMARY

17. Based on the foregoing, I have probable cause to believe that FULFER is currently distributing narcotics, to include methamphetamine, in the Western District of Arkansas area. There is also probable cause to believe that FULFER is utilizing the **Target Telephone** in

furtherance of his narcotics trafficking activities. Investigators intend to utilize the requested location information for the **Target Telephone** to determine FULFER's physical movements. The requested information (including the **Target Telephone**'s current physical location, etc.) would assist investigators in detecting locations which are significant to FULFER's drug trafficking activities, such as "stash houses" (drug storage sites), meeting places with his source(s) of supply, and locations where he commonly conducts drug transactions. The requested information would also help agents to further identify FULFER's customers, co-conspirators and source(s) of supply, and to document FULFER's future travel, including to meet with and conduct transactions with such source(s). Based upon my training and experience, individuals engaged in the trafficking of narcotics generally keep their cellular telephones with them at all times, in order to maintain contact with their customers and sources of supply.

## AUTHORIZATION REQUESTS

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. As the proposed warrant may be interpreted as authorizing the installation and use of a tracking device, I also ask, pursuant to 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(f)(3), that the Court authorize the executing officer to delay providing the notice described in Rule 41(f)(2)(C) until <u>30 days</u> after the authorized collection has been completed. I make this request because there is reasonable cause to believe that providing more immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice of this warrant to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation. Because this investigation is likely to continue for some time, after the authorized collection is completed, more immediate disclosure under Rule 41(f)(2)(C) would give the subscriber and associated targets an opportunity to destroy evidence, change patterns of behavior,

notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). Additional periods of delay may be requested in the future, as the investigation continues to develop.

20.     As further specified in Attachment B, the proposed search warrant does not authorize the seizure of any tangible property or any content of communications. *See* 18 U.S.C. § 3103a(b)(2).

21.     I further request that the Court direct AT&T to disclose to the government, and specifically the FBI, any information described in Attachment B that is within the possession, custody, or control of AT&T, including its parent or affiliate entities. I also request that the Court direct AT&T to furnish to FBI officers and agents all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services. The FBI will of course reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

22.     Finally, I also request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

~~Special~~ Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 19 day of March 2024.

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **479-228-3190** (hereinafter **"TARGET TELEPHONE"**) whose wireless service provider is AT&T.

2. Information about the location of the **TARGET TELEPHONE** that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the **TARGET TELEPHONE**, as described in Attachment A, **for a period of thirty days, during all times of day and night.** "Information about the location of the **TARGET TELEPHONE** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from **TARGET TELEPHONE** described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property or content of communications. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).